UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANGELA OWENS, ET AL.

VERSUS

ETHICON, INC., ET AL.

CIVIL ACTION

NO. 10-190-JJB-SCR

**RULING ON MOTION TO REMAND AND MOTION TO DISMISS**

This matter is before the Court on Plaintiffs' motion to remand (doc. 4), to which Defendants filed an opposition (doc. 5). Defendant Our Lady of the Lake Ascension Community Hospital, Inc., d/b/a St. Elizabeth Hospital ("St. Elizabeth") then filed a motion to dismiss (doc. 9) and Plaintiffs filed an opposition (doc. 18). The Court has jurisdiction pursuant to 28 U.S.C. § 1332. There is no need for oral argument. For the following reasons, the Court DENIES Plaintiff's motion to remand (doc. 4) and GRANTS Defendant's motion to dismiss (doc. 9).

Background

Plaintiffs, Angela and Darrell Owens ("the Owens"), filed this suit in the 23rd Judicial District Court, alleging damages from defective sutures made by Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson and used by St. Elizabeth on Angela Owens. Defendants Ethicon, Inc., and Johnson & Johnson removed the action to federal court and alleged diversity jurisdiction exists because in-state Defendant St. Elizabeth was fraudulently joined. These claims involve similar fact patterns and legal arguments as in a previous suit in which the Court found St. Elizabeth improperly joined and dismissed the claims against it.[1]

---

[1] See *Cathrina Ellis, et al. v. Ethicon, Inc., et al.*, CV 09-949, Ruling Den. Remand (doc. 18) and Ruling Dismissing Claim Against St. Elizabeth (doc. 42).

Analysis

First, the Court addresses the Owens' motion to remand.  Joinder is improper when it is based on actual fraud of jurisdictional facts or when plaintiff is unable to establish a cause of action against the non-diverse party in state court.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To determine whether diversity jurisdiction exists for removal, the Court considers the state court claims as they existed at the time of removal.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The question of validity in this suit turns on whether Plaintiffs' claims arise out of the Louisiana Medical Malpractice Act ("LMMA"), LOUISIANA REVISED STATUTE § 40:1299.41, *et seq.*  If Plaintiffs' claims arise out of the LMMA, then they are improper because Plaintiffs did not comply with the LMMA's requirement that all claims first be presented to a medical review panel before suit is filed in court.  La. R.S. § 40:1299.47(B)(1)(a)(i) ("No action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this section.")  The Owens allege contaminated sutures fall outside the scope of malpractice as defined by the LMMA because of *Netherland v. Ethicon, Inc.*, where a Louisiana appellate court found sutures outside the scope of "malpractice" as contemplated by the act.  35-229 (La. App. 2d Cir. 4/5/02); 813 So.2d 1254, 1259.  The Court, however, already rejected this argument in *Ellis* and needs not reiterate the reasons listed then or in the Magistrate Judge's report and recommendations in this suit.[2]  Because the Owens' claims arise out of the LMMA and they have not completed review by a medical review panel, they could not state a

---

[2] Magistrate Judge's Rep. 9-11 (doc. 14).

cause of action in state court against St. Elizabeth.  Thus, St. Elizabeth is improperly joined.

Second, as the Magistrate Judge noted, even if the LMMA does not bar the claims, the Owens failed to allege specific facts or provide evidence to show recovery against St. Elizabeth is reasonably possible.[3]  St. Elizabeth produced an affidavit from the assistant vice president of surgical services stating that sutures were packaged in a sterile pouch by the manufacturers and were not removed until placed in the surgical room.  The Owens offers no specific facts or allegations showing how St. Elizabeth knew or should have known about the allegedly defective sutures.  They offer several theories, each of which is speculative, conclusory, and devoid of any factual bases.  Thus, they fail to state a plausible claim under Rule 12(b)(6).

Last, the Court addresses St. Elizabeth's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or Rule 56.  Once a district court finds a party is improperly joined, the court lacks jurisdiction to rule on the merits of a claim against a fraudulently joined defendant.  Therefore, the Court cannot entertain the motion as brought.  However, because the Court lacks jurisdiction over the claims against St. Elizabeth, the claims will be dismissed.

---

[3] Id. at 11

Conclusion

The Court finds the Owens' claims arise under the LMMA and therefore St. Elizabeth was improperly joined. Accordingly, Plaintiffs' motion to remand (doc. 4) is DENIED and the claims against St. Elizabeth are DISMISSED for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on August 11, 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**